**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YASMIL MINAYA,<br>Petitioner,<br>v.<br>WARDEN, FCI FORT DIX,<br>Respondent. | Civil Action<br>No. 25-15490 (CPO)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus (hereinafter "Petition'), pursuant to 28 U.S.C. § 2241. (ECF No. 5). For the reasons stated in this Opinion, the Court will dismiss the Petition without prejudice for Petitioner's failure to exhaust his administrative remedies.

## I. BACKGROUND

This case arises from Petitioner's challenge to the execution of his sentence. He contends that the Bureau of Prisons ("BOP") has wrongfully refused to apply certain credits under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq*., and has not authorized the maximum period of prerelease custody[1] available to him under the Second Chance Act ("SCA"), 18 U.S.C. § 3624(c). (*See* ECF No. 5, at 15–16).[2] Petitioner concedes that he has not attempted to exhaust his administrative remedies as to these claims. (*Id*. at 11–12, 15 ("I have not appealed th[ese]

[1] Prerelease custody permits a prisoner to serve a portion of his sentence in conditions designed to facilitate his return to the community, such as placement in a community correctional facility or home confinement. *See* 18 U.S.C. § 3624(c)(1)–(2).

[2] Petitioner included two copies of his petition but signed only the second copy. (*See* ECF No. 5, at 1–18). Accordingly, the Court will treat the second copy as the operative pleading.

issue[s].")). The BOP's records confirm that Petitioner has not pursued the administrative remedy process. (ECF No. 8-1, ¶ 6).

Petitioner filed the instant Petition in February of 2026. (ECF No. 5). Respondent filed a Limited Answer opposing relief, (ECF No. 8), and Petitioner did not file a reply. In terms of relief, Petitioner seeks the application of his FSA credits and the maximum prerelease placement available under the Second Chance Act. (ECF No. 5, at 17).

## II. STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

## III. DISCUSSION

The Court must address the issue of exhaustion as it appears that Petitioner has failed to exhaust his administrative remedies. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the

execution of his sentence, until he has exhausted all available administrative remedies. *E.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies *before* petitioning for a writ of habeas corpus pursuant to § 2241." (emphasis added)).

Courts require exhaustion for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62; *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). Nevertheless, exhaustion is not required where it would not promote these goals. For example, exhaustion may be excused if it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Lyons*, 840 F.2d at 205; *see also, e.g.*, *Gambino*, 134 F.3d at 171 (finding that exhaustion is not required where petitioner demonstrates futility).

To determine whether a prisoner has exhausted his administrative remedies, courts look to the agency's applicable grievance procedure and rules, in this case, the BOP. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to the BOP's administrative remedy program, an inmate must generally attempt to informally resolve the issue by presenting it to staff through a BP-8 form. *See* 28 C.F.R. § 542.13. *See generally* 28 C.F.R. § 542.13(b) ("An informal resolution attempt may be waived in individual cases at the Warden or institution Administrative Remedy Coordinator's discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution."). If that fails to informally resolve the issue, then the inmate may submit a

BP-9 form to the warden. *See* 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response may appeal to the regional director with a BP-10 form, and an inmate who is dissatisfied with the regional director's decision may appeal to the general counsel in the central office through a BP-11 form. *See* 28 C.F.R. § 542.15(a). An appeal to the general counsel is the final level of administrative appeal. *Id.*

Here, Petitioner concedes that he did not pursue the administrative remedy process as to his claims. (ECF No. 5, at 11–12, 15). The BOP's records confirm that, as of the date of the Limited Answer, Petitioner had not initiated the administrative remedy process. (ECF No. 8-1, ¶ 6). Petitioner has not made any argument that he should be excused from exhaustion.

Further, "Petitioner's case fits squarely within the parameters of the purposes of exhaustion." *Cf. Furando v. Ortiz*, No. 20-3739, 2020 WL 3264161, at *3 (D.N.J. June 17, 2020*)*. First, the record does not reveal whether, how, or on what basis the BOP calculated Petitioner's FSA and SCA entitlements, as Petitioner has not presented a formal BOP decision. (*See generally* ECF Nos. 5, 5-2). This lack of information shows the need for "Petitioner to attempt to resolve this at the administrative level first" and develop a factual record. *See Chaparro v. Ortiz*, No. 20-5272, 2020 WL 4251479, at *5 (D.N.J. July 24, 2020) (noting the need to develop the factual record when the BOP's efforts are in dispute). "Second, Petitioner could potentially obtain relief from the BOP without using judicial resources." *Furando*, 2020 WL 3264161, at *3. The BOP could very well grant Petitioner the relief he seeks. *See Shoup v. Shultz*, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009) ("Having no information as to what the decisions of these officials would be, this Court cannot find . . . [that] these decisions would be 'hypothetically illegal,' same as the Court cannot deem the exhaustion process 'futile.'"). Finally, because

Petitioner contends that the BOP has made mistakes, the BOP should have an opportunity to correct its own errors.

For all those reasons, the Court finds that requiring Petitioner to exhaust his administrative remedies would promote the goals of exhaustion and that exhaustion was not futile. Nor does Petitioner allege any facts that would permit the Court to find that requiring exhaustion would subject him to irreparable injury or otherwise warrant excusing exhaustion. (*See generally* ECF Nos. 5, 5-2). Accordingly, the Court will not excuse Petitioner's failure to exhaust and will dismiss the Petition for his failure to exhaust his administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies. This dismissal is without prejudice to the filing of a new petition pursuant to 28 U.S.C. § 2241, under a new docket number, after Petitioner has exhausted his administrative remedies. An appropriate Order follows.

Dated: October 14, 2026

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**